UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIA ROBINSON,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 17-cv-00126-DMR<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF TIMELINESS**<br><br>Re: Dkt. No. 10 |

Pro se Plaintiff Sadia Robinson brings this action seeking judicial review of a decision by the Social Security Administration ("SSA") denying her claim for supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. and § 1381 et seq. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's complaint on the ground that it was untimely filed. [Docket No. 10.] In connection with the briefing on the motion to dismiss, the parties submitted affidavits with attached exhibits. Accordingly, at the June 29, 2017 hearing, the court notified the parties that it would convert Defendant's motion to dismiss to a motion for summary judgment and ordered the parties to file supplemental evidence and briefing, which the parties timely filed. [Docket Nos. 16-18.] For the following reasons, Defendant's motion for summary judgment on the issue of timeliness is denied.

## I. BACKGROUND

### A. Factual Background

On January 9, 2013, Plaintiff filed applications for disability and disability insurance benefits and supplemental security income. [Docket No. 10-1 (Chung Decl. Mar. 6, 2017) ¶ 3(a), Ex. 1 (Notice of Decision).] On September 25, 2015, an Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled and denying her claim for benefits. Plaintiff then

requested review of the ALJ's decision by the Appeals Council of the SSA. The Appeals Council issued a decision dated November 4, 2016 denying Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Chung Decl. ¶ 3(a), Ex. 2 (Notice of Appeals Council Action or "Notice"). The Notice provided information about how Plaintiff could seek court review of the decision, including the following:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

Notice at 3.

Plaintiff filed this action on January 11, 2017, seeking judicial review under 42 U.S.C. § 405(g) of the Appeals Council's decision. Defendant moves for dismissal on the ground that Plaintiff did not commence her suit within the 60 day period specified by the Notice and by 42 U.S.C. § 405(g). According to Defendant, Plaintiff is presumed to have received the Notice on November 9, 2016, five days after its issuance, and was therefore required to commence this action 60 days later, by January 9, 2017. Mot. 6. Since Plaintiff did not file suit until January 11, 2017, Defendant contends the action is untimely.

In her opposition papers, Plaintiff asserts that although the Notice was dated November 4, 2016, it was not actually mailed until four days later on November 8, 2016. In support, Plaintiff submitted a copy of the envelope in which she received the Notice. The envelope bears a November 8, 2016 postmark date. [Docket Nos. 11 (Pl.'s Opp'n) at ECF p. 5, 12 (Robinson Decl., May 16, 2017).] Plaintiff argues that the 60 day period did not start running until five days after the date of mailing, rendering her January 11, 2017 complaint timely. Defendant did not file a reply to Plaintiff's opposition.

**B. Procedural History**

As noted, Defendant moved to dismiss Plaintiff's complaint as untimely on the ground that it was not filed within the sixty day period specified in 42 U.S.C. § 405(g). Although Defendant

did not address the legal standard applicable to her motion, she noted that the motion is brought pursuant to Rule 12(b)(1). [Docket No. 10 at 2.] A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). However, section 405(g)'s "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Therefore, Defendant's motion is properly the subject of a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (statute of limitations defense may be raised by a Rule 12(b)(6) motion or Rule 56 summary judgment motion).

The parties submitted declarations containing evidence in support of their positions. When a court considers matters outside the pleadings on a motion under Rule 12(b)(6), it must convert the motion into a Rule 56 motion for summary judgment, and in so doing, the court must give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) ("In providing notice to the parties, 'a district court need only apprise the parties that it will look beyond the pleadings to extrinsic evidence and give them an opportunity to supplement the record.'" (citation omitted)). Accordingly, at the June 29, 2017 hearing, the court notified both parties that it would convert Defendant's motion to dismiss into a motion for summary judgment on the issue of timeliness. [Docket No. 15.] The court granted Plaintiff leave to file supplemental evidence to establish the date she received the Notice, and permitted Defendant to file any responsive evidence. *Id.* In light of Plaintiff's pro se status, the court also issued an order providing notice to Plaintiff of the requirements for opposing a motion for summary judgment. [Docket No. 14.] The parties timely filed the supplemental evidence and briefing. [Docket Nos. 16 (Pl.'s Supp. Opp'n), 17 (Robinson Decl., July 5, 2017 (Robinson Decl. II)), 18 (Def.'s Suppl. Br.).]

**II. LEGAL STANDARDS**

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden

3

of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor. *Id*. at 248. The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.    DISCUSSION

The sole issue in this motion is whether Plaintiff's civil suit seeking review of the November 4, 2016 Notice of Appeals Council Action was timely. 42 U.S.C. § 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . .

42 U.S.C. § 405(g) (emphasis added). Although § 405(g) uses the word "mailing," a regulation provides that a civil action "must be instituted within 60 days after the Appeals Council's notice . .

4

. *is received by the individual*" and that "the date of receipt . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (emphasis added); *see also Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) ("'Mailing' [as used in § 405(g)] is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice." (citing 20 C.F.R. § 422.210(c))). This regulation "creates a rebuttable presumption that receipt of notice shall be presumed to occur '5 days after the date of such notice.'" *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984) (citing 20 C.F.R. § 422.210(c)). If the claimant makes a "reasonable showing to the contrary" and successfully rebuts the statutory presumption, the government may attempt to prove that the claimant "received actual notice more than 60 days prior to filing the complaint in district court." *See id*.

Defendant argues that the Commissioner's decision became final on November 4, 2016, which is the date on the Notice; therefore, Plaintiff is presumed to have received the Notice five days later, on November 9, 2016. According to Defendant, Plaintiff was required to commence this action 60 days later, or by January 9, 2017. Mot. 6. Since Plaintiff did not file suit until January 11, 2017, Defendant contends that the action is untimely.

In response, Plaintiff contends that the 60 day limitations period did not start running until five days after the date of mailing. The envelope in which she received the Notice was postmarked November 8, 2016. Plaintiff appears to argue as follows: five days should be added to the November 8, 2016 postmark date, which results in November 13, 2016. Because November 13, 2016 was a Sunday, the 60-day statute of limitations began running on the next business day, or November 14, 2016. Sixty days from November 14, 2016 was January 13, 2017. Therefore, by Plaintiff's calculation, her January 11, 2017 complaint was timely.[1]

Plaintiff's legal position is unsupported. No statute, regulation, or case suggests that the five day period of presumptive receipt of the Notice begins running from the date of mailing,

---

[1] The sixty-day time limit may also be tolled by traditional principles of equitable tolling or estoppel. *Bowen*, 476 U.S. at 479; *Vernon*, 811 F.2d at 1277-78. Plaintiff does not argue that equitable tolling or estoppel apply.

5

//

//

rather than the date of issuance of the Notice. Section 422.210(c) provides that "the date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days *after the date of such notice*, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (emphasis added). Although it appears that the Ninth Circuit has never addressed this issue, other circuits have concluded that the five-day period for presumptive receipt begins on the date of issuance of a notice, and not the date of its mailing. *See, e.g.*, *Cook v. Commissioner of Social Security*, 480 F.3d 432, 436-37 (6th Cir. 2007) (rejecting claimant's argument that limitations period runs from the date of mailing, instead of date of notice of denial); *Williams v. Commissioner, Social Security Administration*, 664 F. App'x 763, 765 (11th Cir. 2016) (same, noting "[t]he regulations do not say[] anything about interpreting the date of receipt as five days after the postmark date"). Under this authority, Defendant is entitled to a rebuttable presumption that Plaintiff received the Notice by November 9, 2016, which is five days after the date of its issuance on November 4, 2016, making her complaint due by January 9, 2017.

However, the court's inquiry does not end there, because Plaintiff may rebut the presumption of receipt within five days after the date of the Notice by making "a reasonable showing to the contrary." *See* 20 C.F.R. § 422.210(c).

The court concludes that Plaintiff has made such a showing here. The envelope in which Plaintiff received the Notice bears a postmark date of November 8, 2016. Although the envelope includes a return address in Falls Church, Virginia, the postmark indicates that the Notice was mailed from zip code 30024, which is in Suwanee, Georgia. *See* Def.'s Suppl. Br. 2. Despite the conflicting information on the envelope, this evidence shows that the SSA did not mail the Notice until four days after its issuance – in other words, the SSA did not mail the Notice until four days into the five day period of presumptive receipt. The Ninth Circuit has noted that "[t]he United States Postal Service's regulations state that first class mail sent within the contiguous United States will arrive within three days"; this creates a legally recognizable assumption that a document sent via first class mail "will take three days to arrive at its destination." *Dandino, Inc.*

*v. U.S. Dep't of Transp.*, 729 F.3d 917, 921 (9th Cir. 2013) (citing 39 C.F.R. § 121, App. A). It is therefore reasonable to conclude that the Notice, mailed from the opposite coast on November 8, 2016, did not reach Plaintiff's home in California on November 9, 2016, only one day after mailing.

Following the hearing on this motion, Plaintiff submitted a declaration signed under penalty of perjury in which she states that she received the Notice on November 14, 2016. Robinson Decl. II ¶ 4. Plaintiff explains that she stops to collect her mail on her way to pick up her daughter from school. She points out that November 14, 2016 was the Monday following Friday, November 11, 2016, which was Veterans Day, a holiday on which the USPS did not deliver mail. *Id*. at ¶¶ 5, 7. Plaintiff's account is reasonable. The delivery of the Notice, mailed from the East Coast on November 8, 2016, was further delayed by a long weekend that included a federal holiday. Accordingly, the court finds that Plaintiff has made a "reasonable showing to the contrary" pursuant to 20 C.F.R. § 422.210(c), and has therefore rebutted the presumption that she received the Notice on November 9, 2016. Plaintiff states that she actually received the Notice on November 14, 2016; Plaintiff's complaint was therefore due by January 13, 2017, which means that her January 11, 2017 complaint was timely.

In response, Defendant argues that Plaintiff's declaration lacks any statement that she checks the mail every day, and speculates that she could have received the letter in the mail earlier than November 14, 2016. Defendant also argues that the postmark date is not a reliable indicator of the mailing date due to the discrepancy on the envelope about whether the notice was mailed from Virginia or Georgia. Notwithstanding these arguments, Defendant does not offer any evidence to show that Plaintiff actually received the Notice earlier than November 14, 2016, and does not otherwise raise material doubts about the reasonableness of Plaintiff's evidence. Accordingly, the court concludes that Plaintiff's January 11, 2017 complaint was timely, as it was filed within 60 days of her receipt of the Notice on November 14, 2016.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment on the issue of timeliness is denied. Defendant shall file and serve an answer, together with a certified copy of

7

the transcript of the administrative record, within 60 days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 1, 2017

_____
DONNA M. RYU
United States Magistrate Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| SADIA ROBINSON,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 4:17-cv-00126-DMR<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 8/1/2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

　　　Sadia Robinson
　　　2400 Shady WIllow Lane #01A
　　　Brentwood, CA 94513

Dated: 8/1/2017

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Ivy Lerma Garcia, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable DONNA M. RYU